## Manhattan Brass Co., Appellant, *v.* Albert P. Reger.

*Sale—Rescission—Misrepresentations—Partnership.*

Where a partnership makes a false statement to a mercantile agency and subsequently is dissolved and a new firm is organized under the same name, and goods are sold to the new firm before the statement to the mercantile agency comes to the knowledge of the vendor, the sale of the goods cannot be subsequently rescinded by the vendor, on the ground that the statement to the mercantile agency was false.

Argued April 12, 1895.    Appeal, No. 18, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 2, Phila. Co., June T., 1891, No. 903, on verdict for defendant.    Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ.    Affirmed.

Sheriff's interpleader to determine the ownership of goods taken in execution.

The facts appear by the opinion of the Supreme Court.

The court gave binding instructions for defendant.

Verdict and judgment for defendant.    Plaintiff appealed.

*Error assigned* was above instruction.

*John Sparhawk, Jr.,* for appellants.

*Charles Francis Gummey, Jr., M. Hampton Todd* with him, for appellee.

OPINION BY MR. JUSTICE FELL, May 30, 1895:

For some years prior to March 1, 1891, P. A. Reger and C. A. Reger were partners trading as Perry A. Reger & Bro. On the date named the partnership was dissolved, and a new partnership, the members of which were P. A. Reger and C. T. Hickman was formed, and the same firm name was retained. The statement as to the financial condition of Perry A. Reger & Bro., which it is claimed was the basis of the credit given, was made by the old firm to a mercantile agency on Dec. 30, 1890, and not communicated to the plaintiff until July 30, 1891. The merchandise in question was sold to the new firm in June, 1891.

From these facts it follows that the learned judge was clearly right in directing a verdict for the defendant in the interpleader. The right to rescind the contract of sale was based upon the alleged falsity of a statement made not in relation to the defendant in the execution, but in relation to another party, and not communicated to the plaintiff until after the goods were sold. The facts do not raise the legal questions elaborately argued by the appellant's counsel, and it is unnecessary to consider them.

The judgment is affirmed.